IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SEVERE RECORDS, LLC and )
CHRIS SEVIER, )
 )
    Plaintiffs, )
 )
v. ) NO. 3:08-00654
 ) JUDGE HAYNES
JOHN RICH, SHANNA CROOKS, )
THE MUZIK MAFIA LLC, and )
JOHN D. RICHAFELLA PUBLISHING, )
 )
    Defendants. )

## MEMORANDUM

Plaintiffs, Severe Records, LLC and Chris Sevier, filed this action against the Defendants, John Rich, Shanna Crooks, The Muzik Mafia LLC ("Muzik Mafia"), and John D. Richafella Publishing ("Richafella Publishing"). Plaintiffs assert claims for libel per se, false light, intentional infliction of emotional distress, fraud, deceit and misrepresentation, copyright infringement, tortious interference of contract, interference of business relations and inducement to breach contract, trespass, trespass to chattel, vandalism, theft, destruction of property, and larceny.

Plaintiffs' claims arise out of the alleged wrongdoing by the Defendants concerning two musical compositions that were co-authored by Plaintiff Sevier and Defendant Crooks. Plaintiffs contend, inter alia, that Defendants have infringed on his copyrights for the two songs and also engaged in a pattern of harassment and defamation during their ongoing dispute over the rights to the two songs.

Before the Court are the Defendants' motions to dismiss (Docket Entry Nos. 17 & 44), the Defendants' motion to set aside Plaintiffs' first motion for entry of default (Docket Entry No. 15), Plaintiffs' motion to amend proof of service (Docket Entry No. 29), the Defendants' motions to disqualify counsel Chris Sevier (Docket Entry No. 53 & 57), Plaintiffs' motion for a preliminary injunction (Docket Entry No. 63), Plaintiffs' motion for leave to redact sensitive information (Docket Entry No. 68), and Defendants' motion to enforce the stay and strike documents (Docket Entry No. 84).

As a preliminary matter, Defendants' motion to set aside Plaintiffs' first motion for entry of default should be denied as moot as no default was ever entered against the Defendants. Plaintiffs' motion to amend proof of service also should be denied as moot due to the Court's granting of Plaintiffs' second motion to amend proof of service (Docket Entry No. 36). Given Plaintiffs' filing of an Amended Complaint, Defendants' first motion to dismiss (Docket Entry No. 17) should be denied as moot.

In their latest motion to dismiss, Defendants argue that Plaintiffs' only federal claim is for copyright infringement and that the copyright infringement claim should be dismissed for failure to state a claim. Defendants further argue that because Plaintiffs are left without any remaining federal claims, the remaining claims should be dismissed for lack of subject matter jurisdiction. Finally, Defendants argue that Plaintiffs' Amended Complaint should be stricken or dismissed because it is excessive and abusive.

Plaintiffs respond that the Amended Complaint complied with all relevant Federal Rules, and concede that this action is not a classic case of copyright infringement, but that an action in copyright can still lie against Defendants on the facts presented here. Plaintiffs also argue that

they have stated the necessary elements and factual support for their state law claims.

For the reasons set forth below, the Court concludes that Plaintiffs have failed to state a claim for copyright infringement. The Court therefore lacks supplemental jurisdiction over Plaintiffs' remaining state law claims, and this action therefore should be dismissed for lack of subject matter jurisdiction. Given this disposition, the Court need not reach the remaining issues, and all other motions should be denied as moot.

## I. REVIEW OF THE COMPLAINT[1]

In 2002, Plaintiff Sevier authored a song composition entitled "Better" and approached various recording artists about creating a commercial recording of the song. (Docket Entry No. 43, First Amended Complaint, at ¶¶ 82-84). In the Fall of 2004, Plaintiff Sevier and Defendant Crooks entered into an oral contract to record the song for commercial and non-commercial exploitation. Id. at ¶¶ 100-06. Although Plaintiffs now claim that Plaintiff Sevier never intended to convey any copyright interest in the song "Better," id. at 133-39, Plaintiffs initially conceded that both Plaintiff Sevier and Defendant Crooks were co-owners of the copyright. (Docket Entry No. 1, Complaint, at ¶ 28). Additionally, the copyright registration application filed in 2006 for the song "Better" that is attached to the Amended Complaint shows that Plaintiff Sevier and Defendant Crooks are co-owners of the copyright. (Docket Entry No. 43-7, Exhibit L).

In 2005, Plaintiff Sevier and Defendant Crooks co-authored "Watching Me Leave." (Docket Entry No. 43, First Amended Complaint, at ¶¶ 144-54). Later in 2005, Defendant

---

[1]As noted below, Plaintiffs' Amended Complaint is excessive, verbose, and lacking in clarity. It contains 794 numbered allegations, is 104 pages long, and includes 402 pages of exhibits. Therefore, the summary provided here is only that which is necessary to reach the merits of the jurisdictional issue.

Crooks included both recordings on a compilation that allowed her to secure a publishing deal with Defendants Rich, Richafella Publishing, and Muzik Mafia. Id. at ¶ 163. Plaintiff Sevier also commercially released Defendant Crooks's recordings of "Better" and "Watching Me Leave" through an online store. Id. at ¶ 176.

Shortly thereafter, a dispute arose between Plaintiff Sevier and Defendant Rich regarding authority for the sale of the two recordings. Both Plaintiff Sevier and Defendant Rich asserted ownership over the copyrights and issued legal threats over improper commercial exploitation of the recordings. Id. at ¶¶ 179-195. Thereafter, the Defendants and others allegedly defamed and harassed the Plaintiffs. Id. at ¶¶ 208-56. This dispute led to Plaintiffs' filing of this action, wherein Plaintiffs assert claims for copyright infringement, libel per se, false light, intentional infliction of emotional distress, fraud, deceit and misrepresentation, tortious interference of contract, interference of business relations and inducement to breach contract, trespass, trespass to chattel, vandalism, theft destruction of property, and larceny.

## II. CONCLUSIONS OF LAW

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 546 (2007). Consideration of a motion to dismiss requires the Court to accept the complaint's factual allegations as true and to construe the complaint liberally in favor of Plaintiff. Perry v. Am. Tobacco Co., Inc., 324 F.3d 845, 848 (6th Cir. 2003). Despite such liberal construction, a court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (internal quotation omitted). Indeed, "it is not...proper to assume that the

[Plaintiff] can prove facts that it has not alleged or that the defendants have violated the...laws in ways that have not been alleged." Assoc. Gen. Contractors v. Cal. State Counsel of Carpenters, 459 U.S. 519, 526 (1983). Moreover, to survive a motion to dismiss under Rule 12(b)(6), "the complaint must contain 'either direct or inferential allegations respecting all the material elements'" of the claim. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)).

### Copyright Infringement Claim

Plaintiffs' only federal law claim against the Defendants in this action is for copyright infringement for Defendants' alleged improper use of the songs "Better" and "Watching Me Leave," and for Defendants' alleged attempts to prevent Plaintiffs from exercising his rights of distribution and exploitation under the Copyright Act. Specifically, Plaintiffs allege that Defendants threatened legal action against the Plaintiffs and attempted to stop Plaintiffs from selling works Plaintiff Sevier co-authored, and that the Defendants "improperly [held] Plaintiffs' reputation hostage." Defendants argue that Plaintiffs fail to allege any acts of infringement under the Copyright Act and that a claim of infringement cannot lie against a co-owner of a copyright or its licensees.

Plaintiffs respond by acknowledging that their claim of copyright infringement is a novel one and that protections under a "claim of tortuous interference may not be adequate for a nonauthors interference with an authors (sic) valid use of his 106(a) rights." (Docket Entry No. 48 at p. 31). Plaintiffs also argue that Defendants are "beneficial owners" and thus can still infringe on Plaintiffs' copyrights, citing Fantasy, Inc. v. Fogerty, 654 F.Supp. 1129 (N.D. Cal. 1987). Finally, Plaintiffs contend that public policy supports the finding of a copyright

infringement claim here.

Copyright infringement claims are brought against persons or entities violating the exclusive rights of the copyright owner. 17 U.S.C. § 501(b). An action by one co-owner of a copyright cannot lie against another co-owner of the copyright. Bridgeport Music, Inc. v. DJ Yella Muzick, 99 Fed.Appx. 686, 691 (6th Cir. 2004). Additionally, "[a] license from a co-owner of a copyrighted work is a defense to a claim of copyright infringement brought by any other co-owner." Id.; see also Oddo v. Ries, 743 F.2d 630, 633 (9th Cir. 1984). Each co-owner of a copyright has an independent right to use or license the use of a copyright, id., and thus, "a suit to bring the co-owner of a copyright to account does not fall within the district court's jurisdiction over actions arising under the copyright law. Oddo, 743 F.2d at 633, n. 2.

The only exception to this jurisdictional bar is for a beneficial owner. "A 'beneficial owner' is defined as including 'an author who had parted with legal title to the copyright in exchange for percentage royalties based on sales or license fees.'" Fantasy, Inc. v. Fogerty, 654 F.Supp. 1129, 1131 (N.D. Cal. 1987) (quoting Cortner v. Israel, 732 F.2d 267, 271 (2nd Cir. 1984)). A beneficial owner can infringe on another's copyright when he "infringe[s] upon any exclusive right which he transfers or grants to another." Id. The Fogerty court explained:

> A beneficial owner has transferred his exclusive rights over the copyright's use in exchange for an economic interest in proceeds derived from that use. Therefore, if the beneficial owner attempts to exercise the exclusive "use" rights he has transferred, the legal owner of those exclusive rights may seek an action for infringement.

Id. at 1131-32.

Here, Plaintiffs have alleged infringement against Defendant Crooks, who is a co-owner of the copyright of the songs "Better" and "Watching Me Leave." Further, Defendant Crooks

licensed the other Defendants to use those songs, as is her right as a co-owner. Plaintiffs' reliance on Fogerty is misplaced. Although Defendant Crooks is a beneficial owner with regard to the other Defendants, none of the Defendants is a beneficial owner as to the Plaintiffs. Defendants' use of the songs flows entirely through Defendant Crooks's authority as a co-owner that the Defendants agree Defendant Crooks authorized. As such, Plaintiffs cannot properly allege an action under the federal copyright statute against the Defendants.

Plaintiffs recognize the well-settled principle that actions for copyright infringement cannot lie against co-owners of a copyright. See Docket Entry No. 48, Plaintiffs' Response to Motion to Dismiss, at p. 34. Despite Plaintiffs' pleas that they present a "novel claim" of copyright infringement and that public policy strongly supports a cause of action here, the Court does not discern a compelling reason to violate well-established precedent in this action. This is especially true here, because Plaintiffs are not foreclosed from seeking recourse in state court. Therefore, Plaintiffs' copyright infringement claim should be dismissed.

Because Plaintiffs' only federal claim is for copyright infringement, the Court lacks subject matter jurisdiction over Plaintiffs' remaining state law claims. Federal jurisdiction is inappropriate in a copyright dispute where the primary purpose of the complaint is to secure an interpretation of conflicting assignments and the alleged infringement is prospective under a declaratory relief count or incidental to a claim of ownership. Peay v. Morton, 571 F. Supp. 108, 112-13 (M.D. Tenn. 1983). "Only state courts have jurisdiction in a declaratory judgment action to establish title to a work in statutory copyright." Id. Because Plaintiffs essentially seek the relief set forth in Peay, no federal claims exist here. As such, all other pending motions should be denied as moot, and this action is dismissed.

Case 3:08-cv-00654 Document 89 Filed 08/27/09 Page 7 of 8 PageID #: 1779

Finally, the Court wishes to note that Plaintiffs' counsel's comparison of the Defendant Rich to "Adolph Hitler" (sic) (Docket Entry No. 79, at pp. 23-24) is patently offensive. While Plaintiffs' counsel has a personal stake in this litigation, it is still highly inappropriate for a member of the Bar to make such comparisons in documents submitted to any tribunal, particularly in an action regarding a property dispute (no matter how acrimonious).

An appropriate order is filed herewith.

**ENTERED** this the 26th day of August, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge